UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA MONIQUE ROWELL, | Civil No. 12-697 (JNE/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE & FEDERAL GOVERNMENT, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. BACKGROUND**

Plaintiff is attempting to sue Defendants identified as "State and Federal Government" – presumably meaning the State of Minnesota and the United States. The substantive allegations in the "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I am filing a conspiracy lawsuit on behalf of my self Jessica Monique Rowell. The problem began in Chicago, IL 2007 were [sic] I got stabed [sic] and their [sic] were a device placed in my arm. The problem continued when I moved back to Minnesota in 2008. I went to the dentist to get a broke tooth fixed in thats [sic] where another device was placed into my tooth, and one went down my throat. I got locked up in June of 2009 were [sic] another device in Minnesota was placed in my back. I have been having problems since 2007. People are following me around saying their [sic] go to kill me, they have

> been stilling [sic] from me, the Television is watching me, the radio is listening, and machines is taking extra money out of my account that I had. I Jessica Monique Rowell had to discontinue my account. Because of the troubled situation I accrued High blood pressure, physical and mental disabilities because I didn't know what was going on until my family and friends started telling me when I came around the machines don't work right. My Mom was scared she didn't know what to do so she didn't want me around. This situation is a big problem."

(Complaint, p. 4.)

Based on these allegations, Plaintiff is asking the Court to award her a judgment in the amount of $200,000,000.00.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous. Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded wholly on delusions. The Court will therefore

recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(i).[1]

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: March 21, 2012

                                                  s/ Arthur J. Boylan
                                                  ARTHUR J. BOYLAN
                                                  Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 4, 2012.

---

[1] The Court also notes that there are no allegations suggesting that the named Defendants, "State and Federal Government," were involved in any of the matters described in the complaint.  Indeed, neither of the Defendants is even mentioned anywhere in the substantive allegations of the complaint.  Furthermore, in the absence of an explicit Congressional waiver, the United States is immune from suit under the doctrine of sovereign immunity, (Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991)), and the State of Minnesota is immune from suit in federal court under the Eleventh Amendment, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)).  For these additional reasons, Plaintiff's lawsuit must be summarily dismissed.